### ROSENWALD et al. v. GOLDSTEIN et al.

(City Court of New York, General Term. March 30, 1899.)

1. PROMISSORY NOTES—DIVERSION—BONA FIDE HOLDERS.

Testimony showing the diversion of a note in suit is not admissible against one who acquired the note for a valuable consideration, before maturity, and without notice.

2. SAME.

A party receiving a note in absolute payment of part of a debt due to him, before maturity of the note, and without notice of any defense, is a bona fide holder thereof.

3. SAME.

Under Laws 1897, c. 612, § 51, providing that "an antecedent or pre-existing debt constitutes value, and is deemed such, whether the instrument is payable on demand or in future time," a party receiving a note, before maturity, and without notice of any defense, and giving credit therefor on an antecedent debt, is a bona fide holder thereof.

Appeal from trial term.

Action by Theodore Rosenwald and others against Louis Goldstein and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before McCARTHY and SCHUCHMAN, JJ.

M. Strassman, for appellants.

Einstein & Townsend, for respondents.

McCARTHY, J. The trial justice was right in excluding the testimony offered by the defendant for the purpose of showing a diversion of the note in suit by H. Kochler & Co. The plaintiffs became owners of said note prior to its maturity and for a valuable consideration, and had no notice of such alleged diversion. The fact that plaintiffs gave credit on an antecedent debt due from Kochler & Co. to them makes them holders in good faith for value. See Laws 1897, c. 612, § 51. Said section reads:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such, whether the instrument is payable on demand or in future time."

Even without the aid of the law just referred to, the plaintiffs were bona fide holders of said note, because they received the same in absolute payment of part of the debt due them.

We find there was no error, and judgment is therefore affirmed, with costs.

SCHUCHMAN, J., concurs.